UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT
21618 Slidell Road
Boyds, Maryland 20841

    Plaintiff,

vs.                                      CASE NO.:

GEORGETOWN PARK ASSOCIATES II LIMITED PARTNERSHIP
D/b/a THE SHOPS AT GEORGETOWN PARK
3222 M Street, NW
Washington, DC 20007

    Defendant.
_____/

## COMPLAINT

Plaintiff, RUSSELL HOLT ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues, GEORGETOWN PARK ASSOCIATES II LIMITED PARTNERSHIP, d/b/a THE SHOPS AT GEORGETOWN PARK, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B) and Local Rules of the United States District Court for the District of Columbia.

1

3. Plaintiff, RUSSELL HOLT (hereinafter referred to as "MR. HOLT") is a resident of the State of Maryland and is an individual with a qualified disability under the ADA. MR. HOLT suffers from a spinal cord injury that constitutes a "qualified disability" under the ADA and all other applicable Federal statutes and regulations. MR. HOLT requires the use of a wheelchair for mobility. Mr. Holt works in Washington, D.C. Prior to instituting the instant action, MR. HOLT personally visited the Defendant's premises, THE SHOPS AT GEORGETOWN PARK (hereafter referred to as the "SHOPPING CENTER"), located at 3222 M Street, NW, Washington, DC and attempted to avail himself of the goods, services and accommodations offered therein and was denied full, safe and equal access to the Defendant's premises due to the Defendant's lack of compliance with the ADA. MR. HOLT continues to desire and has a present intention to visit the Defendant's premises in the future, but continues to be denied full, safe and equal access due to the barriers to access which continue to exist in violation of the ADA..

4. The Defendant, GEORGETOWN PARK ASSOCIATES II LIMITED PARTNERSHIP, a domestic limited partnership, d/b/a THE SHOPS AT GEORGETOWN PARK (hereinafter referred to as the "GEORGETOWN") is authorized to conduct and is conducting business in the District of Columbia. Upon information and belief, GEORGETOWN is the owner and/or operator of the real property and improvements which is the subject of this action, to wit: the SHOPPING CENTER.

5. All events giving rise to this lawsuit occurred in the District of Columbia.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. Plaintiff re-alleges and re-avers paragraphs one through five.

7. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the SHOPPING CENTER owned and/or operated by GEORGETOWN is a place of public accommodation in that it is a SHOPPING CENTER, which provides goods and services to the public.

9. GEORGETOWN has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying full, safe and equal access to the goods, services, facilities, privileges, advantages and/or accommodations at the SHOPPING CENTER in derogation of 42 U.S.C. § 12101 et. seq.

10. Prior to the filing of this lawsuit, the Plaintiff visited the SHOPPING CENTER and was denied full, safe and equal access to the benefits, accommodations and services of GEORGETOWN'S place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and has a present intention to visit the SHOPPING CENTER in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the SHOPPING CENTER in violation of the ADA. MR. HOLT has now and continues to have reasonable grounds for believing that he has been and will be

3

discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

11. Although not required by the ADA, MR. HOLT advised the Defendant's personnel of some of the concerns that are referenced herein, and asked that certain accessibility issues be addressed in order to bring about compliance with the law. As of this date, the Defendant has not taken any steps to address MR. HOLT'S concerns consistent with the requirements of the ADA.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

13. GEORGETOWN is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific barriers to access:

**PARKING:**

i. There is an insufficient number of accessible parking spaces provided;
ii. There is an insufficient number of van accessible parking spaces provided;
iii. The "accessible" parking spaces lack adequate and compliant access aisles;
iv. The "accessible" parking spaces lack adequate and compliant signage;
v. The ramp leading from the parking garage to the elevators lacks adequate and compliant handrails;

**ELEVATORS:**

vi. The door that encloses the emergency telephone in each of the elevators at the SHOPPING CENTER contains hardware that requires tight grasping, pinching and twisting of the wrist;

**COMMON AREAS:**

vii. There are no accessible seating positions provided in the food court seating area;
viii. There are no "hi-lo" water fountains provided;

**TOILET ROOMS:**

FOOD COURT:

ix. There is insufficient clear floor space provided on the pull side of the door to exit the toilet room;
x. The "accessible" toilet stall is too narrow;
xi. The door to the "accessible" toilet stall does not open into the clear floor space of the "accessible" toilet stall;

FIRST LEVEL:

xii. The door to the corridor that leads to the toilet rooms is too heavy;
xiii. There is insufficient clear floor space on the pull side of the door to exit the corridor;
xiv. The toilet room lacks adequate and compliant signage;
xv. There is insufficient clear floor space on the pull side of the door to exit the toilet room;
xvi. The entry door to the toilet room is too heavy;
xvii. The "accessible" toilet stall is too narrow;
xviii. The urinal is mounted too high;

SECOND LEVEL (EAST)

xix. The entry door to the toilet room is too heavy;
xx. The urinal is mounted too high;
xxi. There is insufficient maneuvering clearance provided on the pull side of the door to exit the toilet room;
xxii. The pipes underneath the common use lavatory are not insulated;
xxiii. There is no accessible toilet stall provided in this toilet room;

SECOND LEVEL (WEST)

xxiv. There is insufficient clear floor space provided in the "accessible" toilet stall;
xxv. The "accessible" toilet stall contains inadequate and non-compliant grab bars;
xxvi. The coat hook is mounted too high;
xxvii. There is no alternate accessible toilet stall provided;
xxviii. The paper towel dispenser is mounted out of reach range;

5

    xxix. The pipes underneath the lavatory are not insulated.

 14. There are other current violations of the ADA at the SHOPPING CENTER owned and/or operated by GEORGETOWN which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

 15. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with provisions of the ADA.

 16. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, GEORGETOWN was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, GEORGETOWN has failed to comply with this mandate.

 17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by GEORGETOWN pursuant to 42 U.S.C. § 12205.

 18. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

 WHEREFORE, the Plaintiff demands judgment against GEORGETOWN and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and/or administered by GEORGETOWN is not in compliance with the mandates of the ADA;

    B.    That the Court enter an Order directing GEORGETOWN to alter the subject property to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing GEORGETOWN to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 23th day of February 2006.

Respectfully submitted,

By: /s/Joel R. Zuckerman
Joel Zuckerman, Esquire
Federal Bar No. 480152
Schwartz Zweben & Slingbaum, LLP
51 Monroe Street, Suite 812
Rockville, MD 20850
Telephone: (301) 294-6868
Facsimile:  (301) 294-6480