UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSSELL HOLT )<br>)<br>    Plaintiff )<br>)<br>    v. )<br>)<br>GEORGETOWN PARK ASSOCIATES )<br>II LIMITED PARTNERSHIP D/B/A THE )<br>SHOPS AT GEORGETOWN PARK ) | Case No. 1:06-cv-00357-JDB |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Georgetown Park Associates II Limited Partnership ("Georgetown Park"), through counsel, responds to the Complaint as follows. To the extent not expressly admitted, Georgetown Park denies Plaintiff's allegations and that Plaintiff is entitled to any relief requested.

1. Georgetown Park neither admits nor denies this allegation because it merely characterizes Plaintiff's complaint.

2. Admitted.

3. Georgetown Park lacks knowledge or information sufficient to admit or deny the allegations.

4. Admitted.

5. Admitted, only to the extent it is true that Plaintiff visited the Georgetown Park premises.

6. Georgetown Park incorporates by this reference its previous responses to paragraphs 1-5.

7. Georgetown Park generally admits Plaintiff's characterization of the Americans with Disabilities Act.

8. Admitted.

9. Denied.

10. Georgetown Park lacks sufficient knowledge or information to admit or deny the allegations, except it denies that Plaintiff was denied full, safe or equal access to the premises or that Plaintiff was discriminated against.

11. Denied, on information and belief.

12. Georgetown Park generally admits Plaintiff's characterization of the promulgation of regulations.

13. Georgetown Park denies that all alleged items constituted barriers to access by the Plaintiff and that it has discriminated against Plaintiff in any way.

14. Georgetown Park lacks sufficient knowledge or information to admit or deny the allegation because it lacks specificity as to the alleged "other current violations."

15. Denied.

16. Denied.

17. Georgetown Park denies that Plaintiff was "obligated" to retain counsel to pursue this action.  Georgetown Park is aware of no efforts by Plaintiff to speak with Georgetown Park management with respect to the alleged barriers to access set forth in the Complaint prior to unnecessarily engaging Plaintiff's counsel and filing this action.

18. Georgetown Park admits that the Court has broad authority, but denies that Plaintiff is entitled to any requested relief including, but not limited to, injunctive relief.

WASH_1581321.1

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted including, but not limited to, for failing to allege facts showing that Plaintiff has a disability which interferes with access to all of the specific facilities identified in the Complaint and failing to allege facts showing that the costs and steps needed to remove any alleged barriers are readily achievable.

**SECOND AFFIRMATIVE DEFENSE**

The claims in the Complaint are barred by the applicable statute of limitations and the prescribed time period set forth in the ADA.

**THIRD AFFIRMATIVE DEFENSE**

The claims in the Complaint are barred because the Plaintiff did not provide Georgetown Park with any notice or opportunity to offer alternative accommodations as allowed by the ADA or to cure the alleged ADA violations before filing this action.

**FOURTH AFFIRMATIVE DEFENSE**

The claims in the Complaint are barred to the extent Plaintiff alleges additional unidentified violations that will purportedly not be known until a future inspection.

**FIFTH AFFIRMATIVE DEFENSE**

The claims in the Complaint are barred because Plaintiff has not shown that he has suffered an injury in fact that is concrete and particularized, actual and imminent.

**SIXTH AFFIRMATIVE DEFENSE**

The claims in the complaint are barred to the extent that Plaintiff lacks standing to assert alleged barriers to access that do not affect him and his ability tp use and access the premises at issue.

WHEREFORE, having fully answered the Complaint and denied all liability, Georgetown Park respectfully requests that the Complaint be dismissed with prejudice and that it be awarded its costs in defending this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 12205.

Dated: April 11, 2006

                                                  Respectfully submitted,

                                                  _____/S/_____
                                                  Paul R. Monsees, D.C. Bar No. 367138
                                                  FOLEY & LARDNER LLP
                                                  Suite 500
                                                  3000 K Street, N.W.
                                                  Washington, D.C. 20007
                                                  (202) 672-5342

                                                  John S. Lord, Jr.
                                                  FOLEY & LARDNER LLP
                                                  111 North Orange Avenue
                                                  Suite 1800
                                                  Orlando, Florida 32801
                                                  (407) 423-7656

                                                  Attorneys for Georgetown Park Associates
                                                  II L.P., d/b/a The Shops at Georgetown Park

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer and Affirmative Defenses was served, via electronic and first-class mail, this 11th day of April, 2005 on Joel R. Zuckerman, Esquire, Schwartz, Zweben & Slingbaum, LLP, 51 Monroe Street, Suite 812, Rockville, Maryland 20850.

              _____/S/_____
              Paul R. Monsees