UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL HOLT

    Plaintiff,

vs.                                        CASE NO.: 06-357

GEORGETOWN PARK ASSOCIATES II LIMITED PARTNERSHIP
D/b/a THE SHOPS AT GEORGETOWN PARK

    Defendant.
_____/

## PARTIES' JOINT RULE 16.3(d) REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.3(d) and 26.2, the parties hereby submit this report which outlines their Rule 26(f) discovery plan, provides a succinct statement of the parties' agreement as to the fourteen (14) matters set forth in Local Rule 16.3(c), and attaches a proposed Scheduling Order.

**Statutory Basis and Statement of Case**:

This is an action by the Plaintiff against the Defendant under 42 U.S.C. 12181 et. Seq., Title III of the Americans with Disabilities Act, for alleged barriers to access present at the Defendant's property in violation of the Plaintiff's civil rights. The Defendant denies these allegations and has alleged various affirmative defenses.

**1. Dispositive Motions**

There are no dispositive motions pending at this time.

**2. Joinder of Other Parties/Amendment of the Pleadings/Narrowing of Issues**

The parties believe that joinder of other parties is not particularly likely and that joinder of such parties should be governed by the Federal Rules of Civil Procedure or

1

agreement by the parties, to be negotiated subject to the Court's approval when and if the need for joinder becomes apparent.

The parties agree that they should be able to amend their pleadings once as a matter of right by June 30, 2006. Thereafter, the parties believe that further amendments of pleadings should be as permitted by Fed. R. Civ. P. 15 or as agreed by the parties, subject to the Court's approval.

The parties believe they will be able to agree to narrow the factual and legal issues involved.

### 3.     Assignment to a Magistrate Judge

The parties do not wish the case assigned to a Magistrate Judge.

### 4.     Whether There is a Realistic Possibility of Settlement

The parties believe there is a realistic possibility of settlement, but have yet to fully explore that possibility.

### 5.     Whether the Case Could Benefit From ADR

The parties believe this case could benefit from ADR after the parties have had an opportunity to attempt to resolve the case without ADR.

### 6.     Dispositive Motions

The parties agree that any dispositive motions shall be filed by March 1, 2007, any responses shall be filed within 14 days thereafter and any replies shall be filed within 10 days after a response is filed.

### 7.     Rule 26(a)(1) Initial Disclosures

The parties believe that it is appropriate to dispense with the initial disclosures required by Rule 26(a)(1).

**8.    Discovery Matter**

    **A.    Extent of Discovery**

The parties agree that discovery is proper on all allegations in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

    **B.    Limits on Discovery**

The parties do not currently see the need for any limits on discovery other than what is contained in the Federal Rules of Civil Procedure and the Rules of this Court.

    **E.    Protective Order**

The parties believe a protective order may be necessary and will attempt to agree to the form of a suitable proposed protective order to present to the Court in advance of the exchange of any documents.

    **F.    Dates for Completion of Discovery**

Discovery will be completed by January 31, 2007.

**9.    Experts**

(a)    Plaintiffs will designate their experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by September 1, 2006;

(b)    Defendant will designate its experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by October 1, 2006;

(c)    The parties will identify rebuttal experts and make the required Fed. R. Civ. P. 26(a)(2) disclosures by November 15, 2006;

(d)    The parties will make their experts available for deposition within 30 days of the designations and disclosures pertaining to that expert.

**10.    Class Certification**

This is not a case involving class certification.

**11.    Bifurcation of Discovery and Trial**

The parties do not currently envision bifurcation of discovery or trial.

**12.    Pretrial Conference**

The parties agree that the final pretrial conference, if any, should be held within 30 days after rulings on dispositive motions.

**13.    Trial**

The parties do not believe the Court need set a firm trial date but should rather, at this time, provide only that trial, if any, will be set at the final pretrial conference from 30 to 60 days after that conference.

**14.    Other Matters**

[Reserved].

The parties' Proposed Scheduling Order is attached as Exhibit "A".

Respectfully submitted:

/s/ Joel R. Zuckerman
Joel R. Zuckerman, Esq.
Schwartz Zweben & Associates, LLP
D.C. Bar No. 480152
51 Monroe St., Suite 812.
Rockville, Maryland 20850
(301)294-6868--- Voice
(301)294-6480--- Fax
Attorney for Plaintiff

/s/  Paul R. Monsees
Paul R. Monsees, Esq.
Foley & Lardner
3000 K Street, NW
Washington, DC 20007-5109
(202) 672-5300--- Voice
(202) 672-5399
Attorney for Defendant